UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | | |
|---|---|---|
| THOMAS MOSLEY II, *et al.*, | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| v. | ) | CAUSE NO. 3:04-CV-147 RM |
| | ) | |
| RELIABLE MACHINERY, *et al.*, | ) | |
| | ) | |
| Defendants. | ) | |

**REPORT AND RECOMMENDATION**

On July 1, 2005, Nichole Mosley ("Mosley") filed a motion for a default judgment on her cross claim against Co-Defendant Reliable Machinery Industrial Co., Ltd. ("Reliable"). On September 26, 2005, Mosley filed an affidavit and proposed computation of damages to aid this Court in determining an appropriate judgment. For the following reasons, this Court **RECOMMENDS** that Mosley's motion for a default judgment [Doc. No. 37] be **GRANTED** and that judgment be entered against Reliable and in favor of Mosley in the amount of $2,808,000.

**I.   RELEVANT BACKGROUND**

This is not the first time this Court has had to address the unfortunate facts of this case. The facts of this case are more thoroughly laid out in this Court's November 12, 2004 order. However, the facts relevant to the present motion are that on January 21, 2003, Mosley's five year old daughter, Ashlee, perished in a house fire. Ashlee was staying at her father's home. A light stand in the bedroom where Ashlee and her two brothers were playing apparently fell on a bed and caught the bed on fire. Although Ashlee's father, Plaintiff Thomas Mosley, feverishly

attempted to rescue the three children, the fire quickly spread throughout the bedroom before the Plaintiff could rescue Ashlee.

On January 14, 2004, the Plaintiff filed a wrongful death action in the LaPorte County Circuit Court and sought damages for his loss, as well as for the losses his sons incurred. Pursuant to Indiana's wrongful death statute, the Plaintiff named The Holmes Group, Inc. ("Holmes"), Reliable, and Mosley as defendants. The only party to initially file an answer to Plaintiff's complaint was Holmes, which Plaintiff eventually voluntarily dismissed on September 15, 2004. Due to Reliable's failure to appear and answer Plaintiff's complaint, Plaintiff filed a motion for a default judgment on July 28, 2004. Pursuant to 28 U.S.C. § 636(b)(1)(B), this Court conducted an evidentiary hearing on Plainitff's damages. This Court recommended that a default judgment in the amount of $2,660,000 be awarded against Reliable and in favor of Plaintiffs. This Court, while acknowledging the difficult task of compensating a father for the loss of his daughter and using an admittedly crude formula, multiplied Plaintiff's life expectancy by $52,000, a $1,000.00 award for each week of lost love and companionship. On November 30, 2004, the court approved the report and recommendation.

On December 17, 2004, almost a year after the action was filed, Mosley answered the complaint and filed a cross claim against Co-Defendant Reliable. Reliable never answered Mosley's cross claim and on July 1, 2005, Mosley filed a motion for a default judgment against Reliable. On July 26, 2005, a clerk's entry of default was entered against Reliable. Because this Court is intimately familiar with the details of this case, on August 25, 2005, this Court ordered Mosley to submit an affidavit and a proposed computation of her damages. Mosley complied on September 26, 2005, requesting that this Court use the same formula it had used for Plaintiff's

2

damages, and suggested that based upon that calculation, an award of $2.8 million was appropriate. This Court may issue a report and recommendation on Mosley's motion for default judgment pursuant to its referral order and 28 U.S.C. § 636(b)(1)(3).

## II.   ANALYSIS

There is no dispute that Mosley is entitled to a default judgment because Reliable has failed to enter an appearance or otherwise defend this action. Furthermore, a clerk's entry of default has already been entered against Reliable. Thus, all that remains is to determine a reasonable judgment. This task is no less difficult the second time around.

Mosley's submissions reveal that although Mosley and Plaintiff were in the process of getting a divorce at the time of Ashlee's death, they shared joint custody and had agreed to liberal visitations with all of the children. Mosley's own affidavit illustrates that mother and daughter appeared to have a strong relationship, one which will be missed. There is nothing in the evidence which would tend to suggest that this Court should deviate from its previous method of calculating damages for the loss of love and companionship. By multiplying Mosley's life expectancy, fifty-four years, by $52,000, a $1,000 award for each week of lost love and companionship, $2,808,000 is an appropriate amount. While this figure does not begin to compensate Mosley for her lost, it is an amount that is fair and consistent with this Court's previous findings.

## III.   CONCLUSION

For the aforementioned reasons, and after carefully examining Mosley's submissions, this Court **RECOMMENDS** that Mosley's motion for a default judgment [Doc. No. 37] be

**GRANTED** and that judgment be entered against Reliable and in favor of Mosley in the amount of $2,808,000.

> **NOTICE IS HEREBY GIVEN that within ten (10) days after being served with a copy of this recommended disposition a party may serve and file specific, written objections to the proposed findings and/or recommendations. Fed.R.Civ.P. 72(b). FAILURE TO FILE OBJECTIONS WITHIN THE SPECIFIED TIME WAIVES THE RIGHT TO APPEAL THE DISTRICT COURT'S ORDER.**

**SO ORDERED.**

Dated this 27th Day of October, 2005.

s/Christopher A. Nuechterlein
Christopher A. Nuechterlein
United States Magistrate Judge